IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV272-1-W
3:06CR450

| | |
|---|---|
| TROY WARREN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court upon Petitioner's "Motion to Make Additional Findings and Motion to Alter/Amend Pursuant to Rules of Civ. Proc. 52(b) and 59(e)" (Doc. No. 4), filed July 14, 2010.

On June 18, 2010, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) setting forth claims of ineffective assistance of trial and appellate counsel. On June 24, 2010, after conducting an initial review, this Court dismissed Petitioner's Motion to Vacate. (Doc. No. 2).

Petitioner has now filed a document asking the Court, pursuant to Rule 59(e), to reconsider the dismissal of his Motion to Vacate. A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. See Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Petitioner asserts that he is seeking reconsideration based upon a clear error of law.

A review of Petitioner's argument reveals that he appears to be contesting this Court's dismissal of his Motion to Vacate on initial review.[1] Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion. This Court properly followed this directive and concluded that Petitioner was not entitled to any relief. Petitioner has not satisfied any of the grounds set forth in Rule 59 for vacating an Order.[2]

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's "Motion to Make Additional Findings and Motion to Alter/Amend Pursuant to Rules of Civ. Proc. 52(b) and 59(e)" (Doc. No. 4) is **DENIED**.

Signed: July 30, 2010

Frank D. Whitney
United States District Judge

---

[1] Petitioner also questions whether this Court liberally construed his Motion to Vacate. Contrary to Petitioner's assertion, this Court did liberally construe his motion. The mere fact that it was dismissed on initial review does not support a conclusion that his motion was not liberally construed.

[2] To the extent Petitioner's motion were construed as challenging the Court's decision on substantive grounds such a claim would not be properly raised in a Motion to Reconsider. United States v. Winestock, 340 F.3d 200 (4th Cir. 2003). Rather as such claims would be successive, they would have to be first be certified with the United States Court of Appeals for the Fourth Circuit.